**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LUIS PEREZ DIAZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF MOSHANNON VALLEY PROCESSING CENTER, et. al.,<br><br>Respondents. | ) ) ) ) ) ) ) ) ) ) | Civil No. 26-1694 |

**MEMORANDUM OPINION**

Pending before the court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) filed by Luis Perez Diaz ("Diaz"), a citizen and national of Mexico. On September 8, 2026, Respondents filed a Response to the petition (ECF No. 5). The petition is ripe for decision.

On or about September 25, 2023, Diaz entered the United States without proper documents, and after receiving a Notice to Appear, was paroled into the United States (ECF No. 1 at 11; ECF No. 5 at 2). On May 12, 2026, Diaz was taken into custody "following a traffic violation" and was not offered a bond hearing (ECF No. 1 at 12). He is currently detained at the Moshannon Valley Processing Center in Philipsburg, Pennsylvania (*Id.*).

Due to "his living in the interior of the country for years[,]" Diaz asserts that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a), rather than mandatory detention under § 1225(b)(2), and as such, contends that he is entitled to a bond hearing in which the government will bear the burden of proof (*Id.* at 16-17, 36). Respondents contend that Diaz is an arriving alien and is therefore subject to mandatory detention (ECF No. 5 at 2, 5). However, recognizing the

precedent in this circuit, Respondents suggest that, if the court were inclined to grant relief, a bond hearing would be sufficient to satisfy due process (*Id.* at 5).

The Court of Appeals for the Third Circuit in *Buele Morocho v. Warden Philadelphia FDC*, No. 26-1150, 2026 WL 2546223 (3rd Cir. Aug. 28, 2026), concluded that noncitizens detained in the interior of the United States are detained under § 1226(a) and are therefore entitled to an individualized bond hearing. In the present case, both parties acknowledge that Diaz was present in the country at the time of his most recent arrest (*see* ECF No. 1 at 12; ECF No. 5 at 3), so following *Buele Morocho*, the court concludes that Diaz's detention is governed by § 1226(a).

Because his detention is governed by § 1226(a), Diaz has a statutory right to an individualized bond hearing, but the burden of proof at this bond hearing will remain on Diaz. *See Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018) (finding that the burden of proof always remains on the detainee under § 1226(a)); *see also Abdoulaye Ba v. Oddo*, No. 26-1466, 2026 WL 2529806, at *2 (W.D. Pa. Aug. 27, 2026).[1]

To the extent that Diaz seeks an award of attorneys' fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), the court concludes that they will not be awarded. Under the EAJA, a court may award fees and expenses to a prevailing party against the United States, unless "the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The key issue here is whether Diaz is an "applicant for admission" under 8 U.S.C. § 1225(a). Respondents argued that "applicant for admission" includes noncitizens like Diaz who have

[1] The court notes that, even if a burden-shifted bond hearing for § 1226(a) detainees could be considered by this court, the court would not shift the burden because Diaz's detention has not become unreasonably prolonged under *German Santos*. *See German Santos v. Warden Pike Cty. Corr. Facility*, 965 F.3d 203, 210-11 (3d Cir. 2020). Diaz has only been detained for four months, which is not unreasonable. *C.f. Foula Bah, v. Oddo*, No. 3:26-CV-01393, 2026 WL 2561261, at *3 (W.D. Pa. Aug. 31, 2026) (concluding that the burden of proof shifted where the petitioner had been detained for over eleven months).

already been residing in the interior of the United States. *See generally* ECF No. 5. Respondents' interpretation of § 1225(a), while incorrect under Third Circuit Court of Appeals' precedent, is substantially justified because two United States Courts of Appeals and the dissent in *Buele Morocho* have found that "applicant for admission" includes noncitizens who have resided in the interior of the country for years. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026)*;* *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. March 25, 2026). Because the Respondents' position is supported by other Circuits' reasonings and the issue has not yet been resolved by the Supreme Court, the court concludes that Diaz is not entitled to attorneys' fees under the EAJA.

Conclusion

For the reasons set forth above, the Petition for Writ of Habeas Corpus (ECF No. 1) will be **GRANTED IN PART** and **DENIED IN PART**. It will be **GRANTED** in that within thirty (30) days of this Order, Diaz must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226(a). The petition will be **DENIED** to the extent it requests any additional relief.

An appropriate order follows.

BY THE COURT:

Dated: October 8, 2026

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge